## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE<br><br>RAFAEL MARTINEZ FUENTES AND<br>LUZ ESTRELLA CORTES TORRES<br><br>Debtors | CASE NO. 21-00098(ESL)<br><br>CHAPTER 13 |

### OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN DATED JANUARY 20, 2021

**TO THE HONORABLE COURT:**

By counsel, creditor Oriental Bank very respectfully represents and prays as follows:

1. On January 20, 2021 Debtors filed the bankruptcy petition of caption.

2. On even date, Debtors filed their proposed Chapter 13 plan also dated January 20, 2021. Dk. No. 3.

3. The foregoing proposed plan filed by Debtors provides for one of their commercial mortgage loans to be paid by curing its pre-petition arrears through the plan and by the Chapter 13 Trustee in the estimated amount of $75,000.00, and to continue making said loan's regular direct payments directly to OB as contracted.

4. In addition, Debtors' proposed Chapter 13 Plan dated January 20, 2021 provides for the surrender (lift of stay) upon confirmation of the collateral of what Debtors denominate the other commercial mortgage loan with OB.

5. Debtors appear to erroneously understand that the loans which are collateralized by two real properties located in Caguas, Puerto Rico are collateralized independently, that is one realty collateralizes one commercial loan and the other one the second commercial loan.

6. The foregoing is not so, as the both realties and their respective rent receivables collateralize both commercial loans, as the loans are cross collateralized.

7. Furthermore, both of Debtors' commercial loans with OB matured prior to Debtors' filing

of the bankruptcy petition of caption, therefore there are no regular direct payments to be made in either one of the loans.

8. As a result, it is impossible for Debtors to continue making regular direct payments to OB on one of their commercial loans as provided in section 3.1 of the proposed plan dated January 20, 2021. See, Dk. No. 3.

9. Therefore, Debtors' plan does not comply with section 1322(b)(5), nor does it propose to pay OB during the life of the plan as required by the Bankruptcy Code.

10. Finally, it must be underscored that the entire funding of Debtors' proposed Chapter 13 will come from the proceeds of an alleged compensation in damages that Debtors will receive as a result of a tort claim.

11. The funding of proposed plan is obviously speculative, as it cannot be assured that Debtors will receive any compensation as a result of the tort claim from which they will allegedly fund their proposed plan, nor can it be assured that Debtors will receive an amount sufficient to pay all creditors in full as proposed in their Chapter 13 plan.

12. As a result, Debtors' proposed plan is obviously not feasible and therefore not confirmable pursuant to section 1325(a)(6) of the Bankruptcy Code.

13. In view of the foregoing, Debtors' proposed plan dated January 20, 2021 at Dk. No. 3 cannot be confirmed, as it fails to comply with sections 1322(b)(5), 1325(a)(6) and 1325(a)(1) of the Bankruptcy Code.

14. The appearing creditor is gathering all the documents needed to file the required proof of claims for Debtors' commercial mortgage loans with OB and will file said claims before the bar date set for **March 31, 2021**.

15. Finally, we hereby inform this Honorable Court that the meeting of creditors of the case of caption was continued for **April 6, 2021** at 9:40 am.

**NOTICE**

*Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico and serve a copy of the same on the appearing parties and the US Trustee's Office. If no objection or other response is filed within the time allowed herein, the relief sought will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the court, the interest of justice requires otherwise.*

**WHEREFORE**, it is hereby respectfully requested from this Honorable Court to **DENY** the confirmation of Debtors' proposed Chapter 13 plan dated January 20, 2021 at Dk. No. 3, with any other redress this Court may deem just and proper.

**CERTIFICATE OF SERVICE:** This document was filed with the U.S. Bankruptcy Court for the District of Puerto Rico using the CM/ECF filing system, which will send a copy of this motion to all registered parties including: **Roberto Figueroa Carrasquillo, Esq.**, Counsel for Debtors, to **José R. Carrión – Morales, Esq., Chapter 13 Trustee**, to the **U.S. Trustee Office**. A copy of this document was also sent by First Class Mail to**: Rafael Martínez Fuentes and Luz Estrella Cortés Torres,** 71 Rafael Cordero Street, Caguas, Puerto Rico 00725.

**RESPECTFULLY SUBMITTED.**

In Guaynabo, Puerto Rico on this 23rd day of March 2021.

**LUIS M. SUAREZ LOZADA**
**LAW OFFICES**
Counsel for Oriental Bank
P.O. Box 192333
San Juan, Puerto Rico 00919-2333
Phone:(787)296-4299
e-mail: suarez@caribe.net
**/S/Luis M. Suárez Lozada**
USDC-PR 209712

3