# IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF PUERTO RICO

IN RE: **RAFAEL MARTINEZ FUENTES**
    SSN xxx-xx-0890
    **LUZ ESTRELLA CORTES TORRES**
    SSN xxx-xx-8918

        Debtor(s)

CASE NO: **21-00098-ESL**

**Chapter 13**

---

### TRUSTEE'S OBJECTION TO PROPOSED PLAN CONFIRMATION UNDER SECTION 1325

\*ATTORNEY FEES AS PER R 2016(b) STATEMENT:

Attorney of Record: **ROBERTO FIGUEROA CARRASQUILLO\***

Total Agreed: **$4,000.00**    Paid Pre-Petition: **$992.00**    Outstanding (Through the Plan): **$3,008.00**

---

\*TRUSTEE'S POSITION RE CONFIRMATION UNDER U.S.C. §1325

**Debtor's/s' Commitment Period:** ☐ Under Median Income 36 months ☑ Above Median Income 60 months §1325(b)(1)(B)
☐ The Trustee cannot determine debtor's/s' commitment period at this time.    Projected Disposable Income: $**0.00**

**Liquidation Value: $169,377.00**    **Estimated Priority Debt: $49.47**

**If the estate were liquidated under Chapter 7, nonpriority unsecured claims would be paid approximately $169,327.53**

With respect to the (amended) Plan date: **Mar 30, 2021 (Dkt 26)**    **Plan Base: $120,500.00**

**The Trustee:**  ☐ **DOES NOT OBJECT**  ☑ **OBJECTS** **Plan Confirmation** Gen. Uns. Approx. Dist.: 0 %

**The Trustee objects to confirmation for the following reasons:**

---

[1325(a)(4)] Plan fails Creditors Best Interest Test.

Joint debtor shares her inheritance with 7 siblings, not 8. This must be amended in Schedule AB.

Debtors have failed to list a 2003 Toyota Sienna. The vehicle is in good conditions and is free of liens. The case's liquidation value cannot be determined at this time.

The plan fails to provide for the payment of 100 + interest to the GU creditors that timely filed their claims.

[1325(a)(5)] Plan fails to comply with required treatment of allowed Secured Claims.

ORIENTAL objects the treatment in the plan. D. 33. Creditor does not accept modified future payments since the debt is due in its entirety (there are no future payments). Creditor claims that the debt can be paid in full through the plan. The Trustee agrees.
Creditor claims that both claims are encumbering both properties. Also, the rents are encumbered (cash collateral). Creditor objects the use of the rents. Trustee notes that both properties are rented.

Creditor also raises a feasibility issue since "the entire funding of the plan will come from the alleged compensation resulting from a medical malpractice tort claim. Creditor argues that the funding of the plan is highly speculative as it cannot be assured that debtors will receive any compensation from the tort claim, and if they do, that it will be paid during the life of the plan and in a sufficient amount to pay all creditors in the case in full."

Creditor also objected the plan because it fails to provide adequate protection for the use of the rent receivables encumbered by creditor.

Debtor must address the issues raised by Oriental Bank for confirmation.

The sufficiency of the plan will depend on the payment that debtor ultimately gives to Oriental Bank's claims no. 4 and 5.

The amount of arrears owed to Oriental is understated in the plan.

[1325(a)(6)] Feasibility – Debtor(s) does not has/have the capacity to make proposed plan payments.

Debtor intends to surrender one of the 2 properties rented. She makes $750.00 a month from such property. Debtor will not be able to make the monthly plan payment as proposed without such funds.

[1325(a)(6)] Insufficiently Funded – Plan funding insufficient to comply with Creditors Best Interest Test. [1325(a)(4)]

The minimum base needed totals approximately $191,700.00. This base includes 4.25% interest for the GU creditors that timely filed their claims.

[1325(b)(1)(B)] Projected Disposable Income – Debtor(s) fails to apply projected disposable income, to be received during applicable commitment period, to make payments to unsecured creditors under the plan. [1322(a)(1)]

- Fails to disclose income.
- Fails to provide to devote future income tax refunds to fund the plan.

Debtor failed to include rent income from the 7th apartment (7 of 7) in Schedule I. In total, Debtor is receiving $2,325.00 in rent (not $1,975.00.)

Section 6: Josue Gomez (new rent) must be included in Section 6 ($350.00).

*OTHER COMMENTS / OBJECTIONS

Debtor does not have a commercial registry with Hacienda.

**CERTIFICATE OF SERVICE**: The Chapter 13 Trustee herewith certifies that a copy of this motion has been served via first class mail on the same date it is filed to: the DEBTOR(S), and to her/his/their attorney throught CM-ECF notification system.

/s/ Jose R. Carrion, Esq.                         Date: July 16, 2021
**CHAPTER 13 TRUSTEE**
PO Box 9023884, San Juan PR 00902-3884
Tel. (787)977-3535 Fax (787)977-3550

/s/ Nannette Godreau, Esq.

Last Docket Verified: 38    Last Claim Verified: 5 3-2    CMC: